# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-41230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR ATANACIO-ANTONIO, also known as Cesar Atanacio, also known as Cesar Antonio Atanacio, also known as Cesar A. Atanacio

Defendant-Appellant

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CR-6-1

————————————————

Before PRADO, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cesar Atanacio-Antonio appeals his 26-month guidelines range sentence imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation. He argues that the sentence was substantively unreasonable contending that the district court relied exclusively on the sentencing guidelines range and did not consider the 18

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41230

U.S.C. § 3553(a) factors that weighed in favor of a downward departure or variance. Specifically, while acknowledging that the sentencing guidelines range was properly calculated, Atanacio-Antonio complains that the computation of his criminal history score was unfair because he received separate criminal history points for sentences that arose out of the same arrests (for different crimes discovered during the same arrests).

Where, as here, the sentence is within the guidelines range, this court employs an abuse of discretion standard of review, and the sentence is afforded a presumption of reasonableness that is rebutted only upon a showing that the sentence does not account for a § 3553(a) factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the § 3553(a) factors. *See United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011).

The district court indicated that it understood Atanacio-Antonio's request for a downward variance or departure based on his disagreement with the manner in which the criminal history points were calculated, but it concluded that a departure or variance was not warranted. Contrary to Atanacio-Antonio's argument, the district court did not rely solely on the guidelines calculation in determining the sentence, but rather it listed the specific relevant § 3553(a) factors that it had considered to insure that the sentence imposed was sufficient but not greater than necessary to comply with the purpose of sentencing.

Atanacio-Antonio has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the § 3553(a) factors. *See Scott*, 654 F.3d at 555. His disagreement with the way in which criminal history points are scored and the manner in which the

No. 15-41230

district court weighed the various factors did not overcome the presumption of reasonableness. *See United States v. Sanchez*, 667 F.3d 555, 569 (5th Cir. 2012). Atanacio-Antonio has failed to show that the sentence was substantively unreasonable or that the district court abused its discretion in imposing a guidelines sentence. *See id.* at 569-70. Accordingly, the sentence is AFFIRMED.